## HARRIS *v.* UNION PACIFIC R. Co.

*(Circuit Court, D. Colorado. June, 1882.)*

1. **NEGLIGENCE DEFINED.**

    Negligence is the want of that care and prudence which a man of ordinary intelligence would exercise under *all* the circumstances of the case.

2. **SAME—BURDEN OF PROOF—PROXIMATE CAUSE.**

    Negligence is a question of fact to be found by the jury, and in order to recover, the plaintiff must establish by a fair preponderance of proof that the defendent was guilty of negligence, and that the injury complained of was the natural and ordinary result of such negligence, and that the negligence was the proximate cause of the injury which a reasonably prudent and cautious person ought to have apprehended might result from the act which he did.

3. **SAME—RAILROAD COMPANY TO KEEP TRACKS CLEAR.**

    While a railroad company is bound to use great care in order to keep its tracks clear for the safety of its passengers, and for its employes, it is not responsible for the unlawful act of some third party in placing obstructions upon the track without its knowledge or consent, unless it be in a case where it had by its conduct done some act which it might reasonably have anticipated would lead to the placing of the obstruction upon the track.

4. **SAME—MEASURE OF DAMAGES.**

    In determining the amount of damages, the jury should consider the pain and suffering to which plaintiff has been subjected, both mental and physical, the loss of time and loss of wages which has resulted from his injury, the nature and extent of his physical injuries, their effect upon his ability to earn his living since the accident as compared with his ability to do so before, and the probable effect of those injuries upon his future health and strength. Under all these circumstances, and in view of all these facts, they should estimate the damages, and give him such sum as they think will be a reasonable, not an unreasonable, compensation.

*E. L. Johnson,* for plaintiff.

*Willard Teller,* for defendant.

McCRARY, C. J., (*charging jury.*) It is your province and duty to determine the facts of this case in the light of the evidence which you have heard, and of the law, which the court will now state to you. The

plaintiff sues the defendant to recover damages upon the ground that he has been injured in his person by reason of the negligence of the defendant, the Union Pacific Railway Company.

You will observe, therefore, gentlemen, that the question which lies at the foundation of this suit, and which you must decide as a question of fact, is a question of negligence. If the plaintiff has failed to establish, by a fair preponderance of the proof, that his injury was the result of the negligence of the defendant, he cannot recover; but if he has established that fact by a preponderance of evidence, he may recover.

Negligence is the want of that care and prudence which a man of ordinary intelligence would exercise under all the circumstances of the given case. You may consider the question of negligence in this light: Whether a man of ordinary care and prudence would have done the acts which are shown by the evidence to have been done by the defendant railway company, and of which this plaintiff complains. You must be satisfied that the defendant company was negligent, and also that the plaintiff's injury was the result of that negligence, or, as the law puts it, that the negligence was the proximate cause of the injury. It may be well to explain to you what is meant by the term "proximate cause;" and I think, perhaps, as good a definition as I can give you is this: that the injury must have been the natural and ordinary result of the cause; or, in other words, the question here may be stated to be whether a reasonably prudent and cautious person ought to have apprehended that the injury might result from the act which was done. Now, in this case the proof shows, and about that there is no dispute, that a "push car" was left near the track by one of the employes of the defendant, and that it was not locked or secured in any way to prevent its being placed upon the track. It was, however, placed upon the track, and by whom we are not advised. It is not to be presumed that it was done with the knowledge or consent of the defendant. If that were so, it would be incumbent upon the plaintiff to establish it by proof. So that we may take it to be established that it was placed upon the track by some third person, by some outside party, and the question for you to determine is, whether the leaving that push car in that position was an act of negligence. In order to determine that question you must consider all the facts and circumstances of the case, and, in the light of such knowledge as you have, which is common knowledge to everybody, you will decide whether the railroad company was bound to anticipate that the push car might be placed upon the track, and that injury

might therefore result to some person passing on a train. If it had been some other article besides a push car there might be no question about it; as, for example, if it had been a common road wagon which had been left by the side of the track, or if a pile of lumber had been left there, or a lot of railroad ties, we would all understand at once that the railroad company could not expect and could not be required to anticipate that somebody would come along and place one of these things upon the track. The question is, whether a different rule applies where the article is a "push car." While the company is bound to use great care in order to keep its track clear for the safety of its passengers and for the safety of its employes, it is not responsible for the unlawful act of some third party in placing obstructions upon the track without its knowledge or consent, unless it be in a case where it had by its conduct done some act which it might reasonably have anticipated would lead to the placing of the obstruction upon the track.

It is insisted by counsel for the plaintiff here that there is a well-known disposition among men to place such an article as a push car upon the track when they find it by the side of the track. There is no such disposition with regard to the other articles of which I have spoken; but with regard to an article of this character it is for you to say whether there is such a well-known disposition among men as is claimed by the counsel for the plaintiff. If that be a fact so well known that it is a matter of general understanding and general knowledge, then the defendant was bound to take notice of it, and to act upon it. And so you will come to the question whether, when the push car was left in that position, the railroad company was bound to know, bound to anticipate, that it might be placed upon the track, and thereby that some one might be injured.

The rule with regard to the negligence of fellow-servants, to which some reference has been made, I think has little, if anything, to do with the case. There is, I suppose, very little question that the company here either had no rule requiring a push-car to be locked, or that, if they had such a rule, that it was not observed; in other words, there was no rule or practice of the company that required the foreman of this division to lock his car. He left it by the side of the track, as I apprehend you will have no difficulty in determining, upon the evidence, in accordance with the usual custom in such cases upon that road. Now, if there was negligence at all, under such circumstances as that, it was the negligence of the company in not having

some rule requiring the locking of cars when left by the side of the track, and that is the question for you to determine. It is true, as counsel for the defendant has stated in discussing this question of proximate cause, that if there is any intermediate independent cause to which the injury can be attributed, then the company is not liable. But that is but another way of stating the rule that I have already stated, because, if the company was bound to anticipate that there was danger that this car would be placed upon the track, then the placing of the car upon the track by some intermediate agency was not an independent cause, but was only one of the causes included in the chain of causes which resulted in the injury. So that we must come back in the end to the question which I have already stated to you, whether the leaving of that car in that place was of itself an act of negligence; and it was not an act of negligence unless the company was bound to apprehend that it might be placed upon the track, and might cause an injury. In determining this question you are to consider all the facts and circumstances as they are developed before you in testimony. You may consider the weight and construction of the car, its distance from the track, the statute of this state against placing obstructions upon the track, under heavy penalties, the custom with regard to manner of taking care of such cars when not in use, and the fact, if it is established, that from Golden to Denver is down grade, as well as all other facts and circumstances developed in evidence before you. And if, upon a consideration of all the evidence, you conclude that the defendant was guilty of negligence in leaving the push car by the side of the track, and that that negligence resulted as the proximate cause in the injury of the plaintiff, then he is entitled to recover; but if you find either of these questions against him, he is not entitled to recover.

If you find for the plaintiff, you will then come to the question of damages. In determining that you will consider the pain and suffering to which he has been subjected, both mental and physical, the loss of time and loss of wages which has resulted from his injury, the nature and extent of his physical injuries, their effect upon his ability to earn his living since the accident as compared with his ability to do so before, and the probable effect of those injuries upon his future health and strength. Under all these circumstances, and in view of all these facts, you will estimate the damages, and give him such sum as you think will be a reasonable, not an unreasonable, compensation.

You have nothing to do, gentlemen, with the fact that this case has once been tried in this court, or with what some other jury may have determined about it. You are to consider it upon the evidence adduced before you upon this trial, and upon the instructions which I have now given you.